IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**ROMAN A. BROWN,**

       **Petitioner,**

v.                                              Civil Action No. 5:17cv181
                                                     (Judge Stamp)

**WARDEN, USP HAZELTON,**

       **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On December 13, 2017, the Petitioner, Roman A. Brown, an inmate formerly incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by counsel. The petition challenges the continued legality of his sentence imposed by the United States District Court for the Middle District of Louisiana. The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**II. Factual and Procedural History**

  **A. Conviction and Sentence**

On August 24, 2004, in the United States District Court for the Middle District of Louisiana, the Petitioner pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). As part of the plea agreement, the Petitioner

stipulated that he previously had been convicted of two counts of simple robbery and one count of distribution of cocaine. ECF No. 11-1 at 3.  The probation office issued a presentence report ("PSR"), which stated that the Petitioner had also been convicted of second degree battery and distribution of cocaine. Due to these additional convictions, the probation officer noted that the Petitioner was eligible to be sentenced under the Armed Career Criminal Act ("ACCA"), pursuant to 18 U.S.C. § 924(c) and U.S.S.G. § 4B1.4. The probation officer determined that the Petitioner's base offense level under the ACCA was 34 and, after reducing 3 levels for acceptance of responsibility, recalculated the level as 31. The Petitioner's criminal history category was a VI and, as a result, his guideline range was between 188 and 235 months. Id.  The district court followed the recommendations in the PSR and sentenced the Petitioner to 210 months imprisonment. Id.  According to the Bureau of Prisons Inmate Locator, the Petitioner's current projected release date is January 1, 2020.[1]

**B. Appeal**

On December 6, 2004, the Petitioner filed a Notice of Appeal seeking to appeal his sentence by arguing that his prior convictions for "simple robbery under Louisiana state law did not qualify as 'violent felonies' under the ACCA."[2] ECF No. 1-1, p. 2. Specifically, the Petitioner argued that the Louisiana statute defined robbery in the

---

[1] The undersigned notes the BOP inmate locator indicates that the Petitioner is not currently in the custody of the BOP. A review of PACER establishes that he was indicted on August 7, 2018, in the United States District Court for the Northern District of Georgia for an incident which occurred at the United States Penitentiary in Atlanta, Georgia in September of 2017.

[2] In 1996, the Petitioner pleaded guilty to two counts of simple robbery under Louisiana state law. At that time, the Louisiana statute provided: "Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." La. REV. STAT. § 14:65 (1996).

disjunctive with the result that the statute can be violated simply with intimidation and, therefore, without the use or threatened use of force. ECF No. 11-1, p. 5. He further argued that because the record had no competent documentation to support the fact that his robbery convictions were committed with force or threat of force, these convictions did not qualify as violent felonies under the ACCA. Id. The Fifth Circuit Court of Appeals found that the Petitioner's arguments had no merit because Louisiana law defined "crime of violence" as the "use, or threatened use of physical force" and specifically included the crime of simple robbery as a crime of violence. Id. at 6. After acknowledging that the Fifth Circuit had not directly addressed whether a conviction for simple robbery under Louisiana law was a predicate felony under the ACCA, the Court relied on decisions by the Fourth and Ninth Circuits to conclude that the Louisiana crime of simple robbery qualifies as a violent felony under the ACCA as a matter of law. Id. at 6-7. Accordingly, the district court's sentence was affirmed. Id. at 7.

### C. Motions to Vacate

On July 13, 2011, the Petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In his motion, the Petitioner made several allegations of ineffective assistance of counsel, including that his counsel failed to make an Apprendi/Blakely attack on the constitutionality of his sentencing as an Armed Career Criminal. On November 8, 2011, the district court dismissed the motion as time barred. In the alternative, the court found that the petitioner's allegations were without merit. See ECF No. 78, Case 3:04-cr-00063 (M.D. La). On July 6, 2012, the Fifth Circuit denied his request for a certificate of appealability.

On April 30, 2014, the Petitioner file a motion for authorization to file a second or successive § 2255 Motion. ECF No. 1 at p. 3. On July 22, 2014, the Fifth Circuit Court of Appeals denied the same. Id.

On November 3, 2014, the Petitioner filed a second § 2255 Motion alleging that he was sentenced in violation of the Constitution or laws of the United States. ECF No. 11-2. Relying on the decision in Johnson v. United States, 559 U.S. 133, 138 (2010) ("Johnson I"), the Petitioner alleged that his two Louisiana state convictions for simple robbery were no longer violent felonies under the "physical force" clause found in 18 U.S.C. 924(e)(2)(B)(i). On May 26, 2015, the district court dismissed the Motion for failure to obtain authorization from the Fifth Circuit to file a second or successive § 2255 Motion. See ECF No. 102, Case 3:04-cr-00063 (M.D. La).

On June 24, 2016, the Petitioner filed a motion for authorization to file a second or successive 2255 Motion in the United States Court of Appeals for the Fifth Circuit, seeking leave to file his third 2255 Motion. ECF No. 11-3. In his motion for authorization, the Petitioner challenged his ACCA sentence by arguing that his prior Louisiana state convictions for simple robbery could no longer be considered violent felonies because the Supreme Court had declared that the "residual clause" of the ACCA found in 18 U.S.C. 924(e)(2)(B)(ii) was void for vagueness under the Fifth Amendment as set forth in Johnson v. United States, 135 S.Ct. 2551 (2015) ("Johnson II") as well as Johnson I. Id. at pp. 2-13. On August 23, 2016, the Fifth Circuit. denied the Petitioner authorization to file his third 2255 Motion. ECF 11-4. In denying authorization, the Court of Appeals specifically noted that the Petitioner was seeking a successive 2255 motion by raising

claims grounded in Johnson II, as well as Johnson I. Id. at 2. In reaching its decision, the Court of Appeals found as follows:

> [Johnson II], 135 S.Ct. 2551, although retroactively applicable to cases on collateral review, is inapplicable here because it struck a portion of 924 that was not used to sentence Brown. Additionally, [Johnson I] is not retroactively applicable to cases on collateral review. Accordingly, IT IS ORDERED that Brown's motion for authorization is DENIED.

Id. at 3. (Internal citations omitted).

### D. Instant § 2241 Petition

The Petitioner argues it is now clear that his ACCA sentence is illegal. Specifically, he argues that his two prior convictions for Louisiana simple robbery are not qualifying predicates considering Johnson I, Johnson II, and Mathis v. United States, 136 S.Ct. 2243 (2016). The Petitioner maintains that pursuant to Johnson 1, his simple robberies do not qualify as "crimes of violence" under the "force clause." Citing United States v. Ervin, 2016 WL 4073052 * 7 (D. Mont. 2016), the Petitioner expounds on this argument by noting that in Johnson 1, the Court held that the "the level of physical force necessary to qualify a conviction as a violent felony under 18 U.S.C. 924(e)(2)(B)(i) is force capable of causing physical pain or injury to another person.'" "[T]he term connotes an exertion 'strong enough to constitute 'power.' That is more force than is entailed in 'any intentional physical contact no matter how slight.'" Id. The Petitioner then argues that because Louisiana simple robbery can be committed with less force than an is required by Johnson 1, his prior convictions cannot stand under the "force clause" of 18 U.S.C. § 924(e)(2)(B)(i), and because the "residual clause" of 18 U.S.C. § 924(e)(2)(B))(ii) was struck down in Johnson II, his prior convictions for Louisiana simple robbery cannot be used to enhance his sentence under the ACCA.

5

The Petitioner concludes by noting that without the ACCA enhancement, his statutory maximum sentence is 10 years of imprisonment. Because he has served more than 10 years in prison since his 2004 conviction and sentence, he requests that this Court vacate his sentence and order he be released from custody.

### E.  Respondent's Motion to Dismiss

In support of his motion to dismiss, the Respondent argues that this petition must be dismissed for lack of jurisdiction because the Petitioner cannot demonstrate that 28 U.S.C. § 2255 is inadequate and ineffective to challenge the legality of his sentence. More specifically, the Respondent argues that the petition must be dismissed because the Petitioner cannot meet the second prong of the Wheeler test in order to establish that 2255 is inadequate or ineffective to test the legality of his sentence.

### F.  Petitioner's Response

In response, the Petitioner agrees that Wheeler is the appropriate case to utilize as the standard to review his § 2241 claim.[3] The Petitioner maintains that Johnson II is the retroactively applicable change in law that satisfies the second prong of Wheeler. The Petitioner further alleges that the Fifth Circuit's denial of his application for a second or successive § 2255 based on Johnson II, which was decided prior to Mathis, was error that demonstrates § 2255's ineffectiveness.

### G.  Respondent's Reply

In reply, the Respondent maintains that Johnson II is inapplicable to the Petitioner's claims, and even if it were, the Petitioner would be unable to meet the third prong of the Wheeler test.

---

[3] In his petition, which was filed before the decision in Wheeler was issued, the Petitioner relied on In re Jones.

6

### III. Legal Standard

**A. <u>Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1)</u>**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. <u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991) (citing <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982)). In deciding whether jurisdiction exists, a court is to consider the pleadings as mere evidence and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment. <u>Id.</u> Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(h)(3).

**B. <u>Post-Conviction Remedies and Relief</u>**

Despite the title he affixes to his petition, the Petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. <u>See</u> <u>In re Vial</u>, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the

aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### IV. Analysis

Although the Petitioner alleges that he has satisfied the Wheeler savings clause, he is mistaken. The Petitioner has failed to satisfy either the second or third prongs of Wheeler.

First, to the extent that the Petitioner aserts that Johnson II permits him to challenge his sentence in a § 2241 petition, he is incorrect. In Johnson II, the Court held that the residual clause of § 924(e)(2)(B)(ii) of the ACCA, 18 U.S.C. § 924(e), was void for vagueness, thereby invalidating any increased sentence imposed under that

9

subsection. In Welch v. U.S., 136 S.Ct. 1257 (2016), the Supreme Court held that its decision in Johnson II was retroactive and provided that any prisoner who was sentenced under the residual clause of the ACCA could file a § 2255 petition to seek relief. Because the Supreme Court announced that Johnson II was a new rule of constitutional law made retroactive on collateral review, even if that decision applied to the Petitioner's sentence[4], he cannot meet the third prong of the Wheeler savings clause.

In addition, Petitioner's reliance on Mathis v. United States[5], 136 S.Ct. 2243 (2016) is also unavailing. District courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

---

[4] As previously noted, the Petitioner was not sentenced under the residual clause of the ACCA, but rather, was sentenced under the "force clause" found in 18 U.S.C. § 924(e)(2)(B)(i). Consequently, although the Petitioner filed a Motion for authorization to file a second or successive § 2255 motion, the Fifth Circuit found Johnson II was inapplicable to his case because it struck a portion of § 924 that was not used to sentence him.

[5] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 924(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Put simply, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).

Because the Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 10] be **GRANTED** and this matter be **DENIED** and **DISMISSED without prejudice.**

Each party shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to all counsel of record via electronic means.

DATED:  September 10, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE