IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROMAN A. BROWN,

    Petitioner,

v.                                 Civil Action No. 5:17CV181
                                                  (STAMP)

WARDEN, USP HAZELTON

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTIONS AND
DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I.   Background

The petitioner, Roman A. Brown, a federal inmate designated to USP Hazelton in Bruceton Mills, West Virginia, filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner challenges the validity of his sentence from the United States District Court for the Middle District of Louisiana, Baton Rouge. ECF No. 1 at 1. The petitioner alleges that his prior convictions for simple robbery are not qualifying predicates under the Armed Career Criminal Act ("ACCA"), citing United States v. Johnson, 599 U.S. 133 (2010) ("Johnson I"), Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), and Mathis v. United States, 136 S. Ct. 2243 (2016) for support. Id. at 6; ECF No. 1-1 at 6-7. Specifically, the petitioner alleges that pursuant to Johnson I, his simple robberies do not qualify as "crimes of

violence" under the "force clause" of 18 U.S.C. § 924(e)(2)(B)(i), citing United States v. Ervin, 198 F. Supp. 3d 1169, 1177 (D. Mont. 2016). Id. at 8. The petitioner states that the term "physical force" "connotes an exertion strong enough to constitute power. That is more force than is entailed in any intentional physical contact, no matter how slight." Id. (citing Ervin, 198 F. Supp. at 1177 (quotation marks omitted)). Moreover, the petitioner claims that since the crime of simple robbery in Louisiana can be committed with less force than is required by Johnson I, his prior convictions cannot stand under the "force clause" of § 924(e)(2)(B)(i). Id. at 9. Further, the petitioner contends that since the "residual clause" of § 924(e)(2)(B)(ii) was invalidated in Johnson II, his prior convictions for Louisiana simple robbery cannot be used to enhance his sentence under the ACCA. Id. Specifically, the petitioner states that without the ACCA enhancement, his statutory maximum sentence is ten years of imprisonment. Id. For relief, the petitioner requests that this Court grant his petition, vacate his sentence and grant him release (as his time served has been more than ten years). Id.

The respondent then filed a motion to dismiss for lack of jurisdiction (ECF No. 10) and a memorandum in support (ECF No. 11). In support of the motion to dismiss, the respondent asserts that the petitioner's petition should be dismissed since the petitioner cannot demonstrate that 28 U.S.C. § 2255 is inadequate and

2

ineffective to challenge the legality of his sentence. ECF No. 11 at 6. Specifically, the respondent states that the petitioner is not challenging his conviction, but his sentence; therefore, the standard established in <u>In re Jones</u>, 226 F.3d 328, 333-34, does not apply and the Court must review the petitioner's challenge under <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018). The respondent then contends that the petitioner cannot meet the second prong of the <u>Wheeler</u> test, namely that the settled substantive law changed and was deemed to apply retroactively on collateral review. <u>Id.</u> at 11. Specifically, the respondent asserts that <u>Mathis</u> and <u>Johnson I</u> did not announce a substantive change in the law deemed to apply retroactively on collateral review. <u>Id.</u> at 12-13. Moreover, the respondent indicates that the United States Supreme Court has held that even though the residual clause is void for vagueness, the force clause and the enumerated crimes clause of § 924(e)(2)(B) remain valid as defining the scope of the predicate felonies under the ACCA. <u>Id.</u> at 13-15.

The petitioner then filed a response to the respondent's motion to dismiss. ECF No. 13. In his response, the petitioner states that the retroactively applicable change in law identified in his petition is <u>Johnson II</u>. <u>Id.</u> at 3. The petitioner states that the United States Court of Appeals for the Fifth Circuit held in his direct appeal that the petitioner's prior convictions for simple robbery fell under the "force clause" of § 924(e); however,

3

that decision was before Johnson I and Johnson II were decided. Id. at 2. The petitioner states that the Fifth Circuit's denial to grant the petitioner a second or successive § 2255 based on Johnson II, which was decided before Mathis, was error that demonstrates § 2255's ineffectiveness. Id. The petitioner reiterates that since the simple robberies can be committed without threat of force or use of force, those offenses cannot stand under the "force clause" of § 924(e). Id. at 5. The petitioner asserts that because the law has substantively changed, the petitioner is able to proceed under the savings clause. Id.

The respondent filed a reply to the petitioner's response. ECF No. 14. In the reply, the respondent maintains that the petitioner cannot meet the conditions under Wheeler. Id. at 1. The respondent states that Johnson II is inapplicable and that the petitioner also fails to meet the third prong under Wheeler, namely that the petitioner is unable to meet the gate-keeping provisions of § 2255(h)(2) for second or successive motions. Id. at 2-5.

United States Magistrate Judge James P. Mazzone then entered a report and recommendation (ECF No. 15) and the petitioner timely filed objections (ECF No. 16). In his objections, the petitioner maintains that Johnson II is a substantive change in law that is retroactively applicable to cases on collateral review. Id. at 3. The petitioner states that although the petitioner was sentenced under the "force clause" of the ACCA, there have been several

substantive changes in the law that erode the Fifth Circuit's holding that the petitioner's prior convictions for simple robbery fell under the "force clause" of § 924(e), citing Johnson I, Johnson II, and Mathis. Id. at 4. The petitioner states that after Johnson I, the petitioner's simple robberies do not qualify as "crimes of violence" under the "force clause" of the ACCA. Id. at 4-5. The petitioner then states that in Johnson II, the Supreme Court found that the residual clause of § 924(e)(2)(B) was unconstitutionally vague and could not be used to enhance a sentence under the ACCA; therefore, the petitioner's prior convictions for simple robbery cannot be used to enhance his sentence. Id. at 5-6. Moreover, the petitioner contends that he has met the third prong under the Wheeler test since the Fifth Circuit denied him permission to file a second or successive petition on August 23, 2016, which was prior to Welch, 136 S. Ct. 1257 (2016) and Mathis. Id. at 5-6. Therefore, in erroneously denying the petitioner's application, the petitioner has demonstrated why § 2255 is inadequate or ineffective. Id.

The respondent then filed a response to the petitioner's objections. ECF No. 17. In the response, the respondent states that the magistrate judge was correct in determining that the petitioner failed to satisfy either the second or third prongs of Wheeler, and that the Court is without jurisdiction to consider the § 2241 petition. Id. at 1.

5

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### IV. Discussion

This Court has conducted a de novo review of the portion of the magistrate judge's report and recommendation and finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

First, the magistrate judge correctly found that the petitioner has failed to satisfy either the second or third prongs of Wheeler. Id. at 9. Specifically, in Johnson II, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) was void for vagueness, thereby invalidating any increased sentence imposed under that subsection. In Welch v. United States, 136 S. Ct. 1257

6

(2016), the Supreme Court held that its decision in Johnson II was retroactive and provided that any prisoner who was sentenced under the residual clause of the ACCA could file a § 2255 petition to seek relief. Id. at 10. However, the petitioner was not sentenced under the residual clause of the ACCA, but was sentenced under the "force clause" of § 924(e)(2)(B)(I) and that is why the Fifth Circuit found that Johnson II was inapplicable to his case. Id.

Second, the magistrate judge properly found that Mathis does not represent a substantive change in the law. Mathis sets a procedural rule that has not been made retroactive on collateral review.

For those reasons, this Court upholds the magistrate judge's recommendation that the respondent's motion to dismiss (ECF No. 10) be granted and that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice. Id. at 11. In so ruling, this Court overrules the petitioner's objections (ECF No. 16).

## V. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 15) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss (ECF No. 10) is GRANTED, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE, and the petitioner's objections (ECF No. 16) are OVERRULED.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 16, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE